UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GIOVANNI CAICEROS,

                          Plaintiff,

          -against-

SDH SERVICES WEST, LLC,

                          Defendant.

---

**MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**

24-cv-07606 (LDH) (MMH)

LᴀSHANN DᴇARCY HALL, United States District Judge:

Giovanni Caiceros ("Plaintiff") brings the instant action against SDH Services West, LLC ("Defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations ("NYCRR"). Specifically, Plaintiff asserts claims for unpaid wages under the FLSA, the NYLL, and the NYCRR, withheld wages under the NYLL, and retaliatory and discriminatory termination under the NYLL. (*Id.*) Defendant moves to compel arbitration of Plaintiff's claims and stay this action pending arbitration proceedings.

**BACKGROUND**

The Court assumes the parties' general familiarity with this litigation and recites only the facts relevant to the consideration of the September 3, 2025, report and recommendation (the "R&R") issued by Magistrate Judge Marcia M. Henry. (*See* R&R, ECF No. 21.) On January 9, 2023, Plaintiff signed an offer letter from Defendant (the "Offer Letter") whereby Plaintiff was to begin working under Defendant's employ as a manual worker or General Manager.[1] (*Id.* at 4;

---

[1] Plaintiff's Offer Letter states he was hired as a General Manger. Although not always the case, it is not uncommon in some industries for certain manual workers to be titled "General Managers." As such, the Court does not see a

1

Decl. Sanders, Ex. B ("Offer Letter"), ECF No. 10-2.)  Within the body of the Offer Letter, it states, "[n]othing in this letter, the included Terms of Employment Statement, or statements made by a Sodexo representative are intended to create a contract."  (Decl. Sanders, Offer Letter at 1.)  Annexed to the Offer Letter was a "Terms of Employment Statement" (the "Term Statement").  (*Id.* at 2.)  The Term Statement represented that, "[a]s a condition of [Plaintiff's] employment, [Plaintiff] was . . . required to sign and comply with an Employment Arbitration Agreement" and that Defendant "must receive [Plaintiff's] signed [Employment Arbitration] Agreement before [Plaintiff's] first day of employment.  (*Id.*)

To complete Defendant's onboarding process, Plaintiff created a profile on Defendant's Career Center website portal (the "Portal").  (Sanders Decl. ¶¶ 7-8.)  Within the Portal, Plaintiff was presented with a list of new-hire documents and related materials to review and execute, which included the arbitration agreement referenced in his Offer Letter (the "Arbitration Agreement").  (*Id.* ¶ 8.)  According to Defendant's internal records, on January 9, 2023, at 1:57 p.m., Plaintiff signed the Arbitration Agreement.  (Decl. Sanders, Ex. D ("Giovanni Caiceros iCIMS Records"), ECF No. 10-4.)  The Arbitration Agreement Defendant claims is Plaintiff's does not, however, bear Plaintiff's signature, or any signature at all.  (Decl. Sanders, Ex. C ("Arbitration Agreement") at 5, ECF No. 10-3.)

Plaintiff began working for Defendant in or around February 2023.  (Compl. ¶ 15, ECF No. 1.)  He worked approximately 50 to 55 hours each week and, in addition, worked "on-call" for 14 to 21 hours each week.  (Compl. ¶¶ 18, 20.)  Notwithstanding Plaintiff's purported entitlement to weekly accrual of overtime pay, whenever Plaintiff worked more than 40 hours in a week, Plaintiff claims Defendant failed to pay him any wages for his overtime hours except for

---

conflict with respect to Plaintiff's recitation of the nature of his previous employment with Defendant and the documentary evidence in the record (*i.e.*, the Offer Letter).

2

two or three times per year. (*Id.* ¶ 19.) In addition, Plaintiff claims that Defendant failed to reimburse him when job duties required him to incur expenses. (*Id.* ¶ 21.) Plaintiff further alleges that Defendant paid him bi-weekly instead of weekly and failed to provide him wage notices and wage statements at the start of and during his employment. (*Id.* ¶¶ 22, 25–26.) Lastly, Plaintiff claims that, in 2023, his employment with Defendant was terminated in retaliation for Plaintiff having raised a complaint about his supervisor. (*Id.* ¶¶ 4, 61.)[2]

On October 30, 2024, Plaintiff filed a complaint commencing the instant action. (*See generally* Compl.) On December 23, 2024, Defendant moved to compel arbitration of Plaintiff's claims and stay this action pending arbitration proceedings. (Def.'s Mot. Compel Arb.) The Court subsequently referred Defendant' motion to compel arbitration to Judge Henry for a report and recommendation. (Order, March 4, 2025.)

On September 3, 2025, Judge Henry issued the R&R, which recommended that the Court grant Defendant's motion to compel arbitration and stay this action pending completion of arbitration proceedings. (R&R at 15.) Judge Henry concluded that Defendant satisfied its burden to establish by a preponderance of the evidence that Plaintiff agreed to arbitrate his claims within the meaning of the FAA because Plaintiff signed the Offer Letter, which referenced Defendant's arbitration policy. (R&R at 10-11.) Notwithstanding the disclaiming language in the Offer Letter—that nothing in the Offer Letter or Term Statement created a contract—Judge Henry found that Plaintiff was still required to arbitrate his claims because, in her view, such disclaiming language merely explained that Plaintiff would be an employee "at-will" and did not limit the Offer Letter's contractual force. (R&R at 10, 12.) In addition, Judge Henry found that,

---

[2] Plaintiff also alleges that this termination was discriminatory. (*Id.* ¶ 4, 61.) However, Plaintiff does not allege in his Complaint how it is that he was discriminated against but rather focuses on Defendant's allegedly retaliatory conduct. (*See generally id.*)

because Plaintiff was on notice of Defendant's arbitration policy prior to being employed by Defendant, he was bound by the arbitration agreement provided to him via Defendant's Portal. (R&R at 10-11.)  Lastly, Judge Henry found that Plaintiff failed to show a genuine issue of material fact as to whether he entered into the Arbitration Agreement.  (*Id.* at 13.)  Having determined that an arbitration agreement existed and was applicable to the instant action, Judge Henry recommended that the Court permit the arbitrator to resolve arguments pertaining to the enforceability and scope of the Arbitration Agreement.  (*Id.* at 14-15.)

On September 17, 2025, Plaintiff filed a timely objection to the R&R.  (Pl.'s Obj. R&R ("Pl.'s Obj."), ECF No. 22.)  By Order dated September 30, 2025, the Court rejected the R&R, denied Defendant's motion to compel arbitration, and indicated that a Memorandum and Order explaining the Court's rationale for this ruling would follow.  (Order, September 30, 2025.)  On October 1, 2025, Defendant timely responded to Plaintiff's Objection, contesting many of the arguments he raised therein.  (Def.'s Opp'n Pl.'s Obj. R&R ("Def.'s Opp'n"), ECF No. 24.)

Upon further consideration, the Court finds its Order rejecting the R&R and denying Defendant's motion to compel arbitration was erroneous.  As such, and for the reasons that follow, the R&R is adopted in part and rejected in part.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection.  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "the district court 'need only satisfy itself that there is no clear error on the face of the record.'"  *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189

4

(E.D.N.Y. 2011) (citing *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985))).

## DISCUSSION

Before a court invokes its statutory powers under the Federal Arbitration Act ("FAA") "to stay litigation and compel arbitration according to a contract's terms, a court must first [discern] whether the contract itself falls within or beyond the boundaries of §§ 1 and 2" of the FAA. *New Prime Inc. v. Oliveira*, 586 U.S. 105, 111 (2019). Section 1 of the FAA excludes from the FAA "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Section 2 of the FAA makes enforceable a written arbitration provision in "a contract evidencing a transaction involving commerce." *Id.* § 2. If an arbitration agreement is within the bounds of §§ 1 and 2 of the FAA, courts are required to compel arbitration when it is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. That is, the FAA "provides that written agreements to arbitrate are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288 (2d Cir. 2019) (quoting 9 U.S.C. § 2). Accordingly, "[t]he threshold question facing any court considering a motion to compel arbitration is therefore whether the parties have indeed agreed to arbitrate." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012).

"Courts deciding motions to compel arbitration 'apply a standard similar to that applicable for a motion for summary judgment.'" *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal quotation and citation omitted)). "'[W]here the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law,

5

we may rule on the basis of that legal issue and avoid the need for further court proceedings.'" *Meyer v. Uber Techs.*, Inc., 868 F.3d 66, 74 (2d Cir. 2017) (alteration in original) (internal quotations omitted) (quoting *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund*, 661 F.3d 164, 172 (2d Cir. 2011)).  Conversely, if "there is an issue of fact as to the making of the agreement for arbitration, then . . . a trial is necessary." *Zachman*, 49 F.4th at 101 (citing 9 U.S.C. § 4; *Meyer*, 868 F.3d at 74).  In determining whether an issue of fact exists, the Court considers all relevant, admissible evidence along with affidavits.  *Id.*; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002).  When doing so, the Court must draw "all reasonable inferences in favor of the non-moving party," *Meyer*, 868 F.3d at 74 (citation omitted), and refrain from weighing the evidence, assessing the credibility of witnesses, or resolving issues of fact, *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 54 (2d Cir. 2022) (quoting *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996)).

Against this backdrop, Plaintiff objects to Judge Henry's recommendation that the Court grant Defendant's motion to compel arbitration on several bases.  (*See generally* Pl.'s Obj.)  With respect to his first argument, Plaintiff argues the Court is precluded from granting Defendant's motion because a material issue of fact exists regarding whether Plaintiff agreed to arbitrate claims arising from his employment with Defendant, which cannot be resolved without a trial. (Pl.'s Obj. at 1-9.)  In response, Defendant argues a material issue of fact does not exist because Plaintiff agreed to arbitrate by virtue of signing the Offer Letter.  (Def.'s Opp'n at 6.) Alternatively, Defendant argues Plaintiff agreed to arbitrate by continuing to work for Defendant after being put on notice of Defendant's arbitration policy.  (Def.'s Opp'n at 7.)  The Court agrees with Defendant's second argument, but not its first.  To the extent the R&R recommended that the Court grant Defendant's motion to compel arbitration solely because Plaintiff signed the

6

Offer Letter, the Court rejects this rationale. (*See* R&R at 10; 12.) However, and as the R&R rightfully noted, Defendant is entitled to the grant of its motion because Plaintiff was on notice that, should he proceed under Defendant's employ, he would be subject to Defendant's arbitration policy. (Decl. Sanders, Offer Letter at 2 (putting Plaintiff on notice that agreeing to arbitration was a condition of his employment); *see* Compl. ¶ 15 (indicating Plaintiff worked for Defendant for over a year beginning in or around February 2023); *see also* R&R at 11 (holding Plaintiff's notice of Defendant's arbitration policy prior to working for Defendant was sufficient to compel arbitration).

## I.   The Offer Letter

By his objection, Plaintiff argues that his execution of the Offer Letter does not equate to an agreement to arbitrate because the offer letter was not by its terms a contract. (Pl.'s Obj. at 7-9.) Specifically, Plaintiff directs the Court to the following disclaiming language contained in the Offer Letter: "Nothing in this letter [and] the included Terms of Employment Statement . . . are intended to create a contract." (Pl.'s Obj. at 7-9.) Based on this language and the fact that the Arbitration Agreement proffered by Defendant is unsigned, Plaintiff contends there is a material issue of fact precluding the grant of Defendant's motion and warranting a trial. (Pl.'s Obj. at 1-2, 4-5, 7-9.) Plaintiff is correct. Notwithstanding, Defendant argues, in sum and substance, that Plaintiff's objection must fail because the language in the Offer Letter upon which Plaintiff relies did not extinguish its contractual nature as a matter of law. (Def.'s Opp'n at 7-8.)[3]

---

[3] Defendant also argues that Plaintiff seeks to have his declaration credited over the evidence it submitted that, Defendant purports, establishes that he agreed to arbitrate. (Def.'s Opp'n at 7.) But, this assertion misstates what Plaintiff argues. Plaintiff argues that his "declaration[,] at minimum, required a jury trial" because, in determining whether to compel arbitration, a court may not make credibility judgments and must only assess whether a reasonably jury can conclude based on the evidence that the non-moving party did not, in fact, agree to arbitrate his or her claims. (Pl.'s Obj. at 5-6.) Plaintiff's recitation of the law is correct. *See Barrows*, 36 F.4th at 54 (holding that courts may not assess credibility or weigh evidence when deciding a motion to compel arbitration). Although

7

It is true that the Terms Statement in the Offer Letter states, in relevant part, that "[a]s a condition of [Plaintiff's] employment, [Plaintiff is] also required to sign and comply with an Employment Arbitration Agreement." (Decl. Sanders, Offer Letter at 2.)  However, because the disclaiming language in the Offer Letter explicitly states that "nothing in . . . the included Terms of Employment Statement . . . [is] intended to create a contract" (*id.* at 1), a reasonable jury could conclude that the Offer Letter does not clearly bind Plaintiff to arbitration.  *See Bank of Am. Nat. Tr. & Sav. Ass'n v. Gillaizeau*, 766 F.2d 709, 715 (2d Cir. 1985) ("Where contract language is ambiguous, the differing interpretations of the contract present a triable issue of fact.")  Defendant also argued on the underlying motion to compel arbitration that the absence of Plaintiff's signature on the Arbitration Agreement is "of no moment" because the Offer Letter "explicitly incorporated the Arbitration Agreement by reference." (Def.'s Mem. L. Supp. Mot. Compel Arb. ("Def.'s Mem.") at 10 n.8, ECF No. 11.)  But, this argument fails for the same reason as just discussed.  Under New York law, "[i]n order to uphold the validity of terms incorporated by reference[,] it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms." *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996).  And, due to the disclaiming language in the Offer Letter, (*see* Decl. Sanders, Offer Letter at 2), a material issue of fact exists with respect to whether Plaintiff assented to the Arbitration Agreement's terms by signing the Offer Letter.  *See Gillaizeau*, 766 F.2d at 715.  That is because a reasonable jury could conclude the Offer Letter does not bind Plaintiff to the specific

---

the declaration upon which Plaintiff relies is his own, this fact does not preclude Plaintiff's declaration from being sufficient to raise a genuine issue of material fact.  *Id.* at 50-51; *see also Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998) ("There is nothing in the rule to suggest that nonmovants' affidavits alone cannot—as a matter of law—suffice to defend against a motion for summary judgment.").  "'To hold . . . that the nonmovant's allegations of fact are (because "self-serving") insufficient to fend off' a motion to compel arbitration 'would be to thrust the courts—at an inappropriate stage—into an adjudication of the merits.'" *Barrows*, 36 F.4th at 51 (quoting *Danzer*, 151 F.3d at 57).  Indeed, "credibility determinations are in the nature of findings of fact." *Network Pub. Corp. v. Shapiro*, 895 F.2d 97, 99 (2d Cir. 1990).

contractual provisions refenced therein. (*See* Decl. Sanders, Offer Letter at 2). The Offer Letter, by itself, does not require Plaintiff to arbitrate his claims.

**II.    Plaintiff's Decision to Proceed under Defendant's Employ**

Next, Plaintiff objects to Judge Henry's finding that the Offer Letter putting him on notice of Defendant's arbitration policy is sufficient to require him to arbitrate his claims. (Pl.'s Obj. at 3-5.) In response, Defendant argues that Plaintiff's conduct—specifically, proceeding to work for Defendant and accept the benefits associated with Defendant's employment—is sufficient to compel arbitration in this case. (Def.'s Opp'n at 8-9.) Defendant reasons that, because there is no dispute that Plaintiff was on notice of Defendant's arbitration policy and received or otherwise had access to the Arbitration Agreement, Defendant is entitled to the grant of its motion as a matter of law. (Def.'s Opp'n at 6, 8-9.) The Court agrees.

"When an individual begins employment with the understanding that the employer has an arbitration policy, there is an inference that the individual agrees to the terms of that policy." *Pettersen v. Volcano Corp.*, No. 18CV03021PKCPK, 2020 WL 6323937, at *5 (E.D.N.Y. Sept. 8, 2020), *report and recommendation adopted*, No. 18CV3021PKCPK, 2020 WL 6323122 (E.D.N.Y. Oct. 27, 2020). Under New York law, "continued employment, without more, is sufficient to manifest assent." *Manigault v. Macy's E., LLC,* 2009 WL 765006, at *2 (2d Cir. 2009); *see also Brown v. Coca-Cola Enters., Inc.*, No. 08-CV-3231 (JFB)(ETB), 2009 WL 1146441, at *7 (E.D.N.Y. Apr. 28, 2009) (collecting cases). This is true notwithstanding whether Plaintiff signed his employer's arbitration agreement. *Id.*

Here, Plaintiff does not dispute that he received and signed an offer letter that stated his employment was conditioned on him agreeing to arbitrate claims arising out of his employment. (*See generally* Pl.'s Obj.) Further, Plaintiff does not dispute that he created a user-profile to

9

access Defendant's Portal, nor does he contest that the Arbitration Agreement was provided to him along with other new hire documents.[4]  (*See generally id.*; Caiceros Decl.)  Because Plaintiff continued to work for Defendant after receiving notice of Defendant's arbitration policy, Plaintiff "agreed to arbitration by continuing" to work for Defendant.  *Manigault*, 2009 WL 765006, at *2.

### III.   <u>**Plaintiff's Remaining Arguments are Unavailing**</u>.

Plaintiff also raises a slew of additional arguments in support of his contention that the R&R should be rejected—but each are without merit.

To begin, Plaintiff argues Defendant failed to establish that Plaintiff's work sufficiently affected interstate commerce, thus precluding a finding that the Arbitration Agreement is within the bounds of § 2 of the FAA.  (Pl.'s Obj. at 10-13.)   But, in his Complaint, Plaintiff concedes that "Defendant and Plaintiff utilized the instrumentalities of interstate commerce . . . as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant."  (Compl. ¶ 31.)  This is fatal to Plaintiff's argument.  Indeed, "[o]n a motion to compel arbitration, the Court accepts as true the allegations in the complaint that relate to the underlying dispute between the parties."  *In re Document Techs. Litig.*, No. 17-cv-2405, 2017 WL 2840280, at *1 (S.D.N.Y. Apr. 27, 2017) (citing *Schnabel* 697 F.3d at 113).  As such, the R&R correctly found that the Arbitration Agreement is within the confines of § 2 of the FAA.

Plaintiff also contends the R&R's recommendation that the Court grant Defendant's motion is erroneous because there is a strong presumption against jury waiver and the R&R did not, in Plaintiff's view, adequately discuss why Plaintiff waived his right to litigate in federal

---

[4] The Court is aware that Plaintiff attests that he "never saw" the Arbitration Agreement prior to this case being filed. (Caiceros Decl. ¶ 5.)  However, Plaintiff does not dispute creating a profile in Defendant's Portal or that Defendant provided the Arbitration Agreement to him through the Portal.

court and not before an arbitrator.  (Pl.'s Obj. at 6-7, 13-14.)  This is not a legal argument, and Plaintiff provides no authority suggesting that such an inquiry is required.  As already stated, what the law does say is, in "New York, unlike other jurisdictions, . . . continued employment, without more, is sufficient to [find a plaintiff] manifest[ed] assent . . . to arbitrate [his or her] disputes." *Manigault*, 2009 WL 765006, at *2 (citing *Leodori v. CIGNA Corp.*, 175 N.J. 293, 306, 814 A.2d 1098 (2003)).  As such, this argument must fail.

Plaintiff also contends the R&R should be rejected because it delegated two issues to the arbitrator.  (Pl.'s Obj. at 9-10.)  Specifically, Plaintiff first contends that it was improper for the R&R to delegate the issue of whether Defendant is a party to the Arbitration Agreement. Incorrect.  "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019).  As the R&R aptly noted, the parties' Arbitration Agreement states an "arbitration shall be held in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules)."  (R&R at 13 (citing Sanders Decl., Arbitration Agreement at 3.))  Pursuant to JAMS Employment Arbitration Rules & Procedures, "[j]urisdictional and arbitrability disputes, including disputes over the formation . . . and who are proper Parties to [an a]rbitration, shall be submitted to and ruled on by the Arbitrator."  JAMS Employment Arb. Rs. & Procs. R. 11(b) (effective June 1, 2021).  As such, because the parties incorporated JAMS rules into the Arbitration Agreement, the question of whether Defendant is a party to the Arbitration Agreement was appropriately delegated to the arbitrator.  Next, Plaintiff contends an agreement to arbitrate was never formed between the parties because a condition precedent to the Arbitration Agreement formation required that Plaintiff confer with counsel.  (Pl.'s Obj. at 10.)  Nonsense.  The Arbitration Agreement merely

11

states "[a]ny party may be represented by an attorney or other representative selected by the party," and nothing more.  (Sanders Decl., Arbitration Agreement at 2.)

Lastly, Plaintiff appears to object to the lack of discovery in this action thus far.  (Pl.'s Obj. at 16.)  However, the Court is unaware of any binding case law supporting the notion that lack of discovery precludes a finding that a plaintiff agreed to arbitration when he proceeds to work for an employer despite having notice of the employer's arbitration policy and receiving the employer's arbitration agreement.

<strong>CONCLUSION</strong>

For the foregoing reasons, the R&R is ADOPTED in part and REJECTED in part. Defendants' motion to compel arbitration is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
          March 31, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

12